IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :   CRIMINAL NO. 1:07-CR-0041 |
| | : |
| | :   (Judge Conner) |
| v. | : |
| | : |
| **STEPHEN WILLIAM HRYCEK** | : |
| | : |

### ORDER

AND NOW, this 19th day of March, 2009, upon consideration of defendant's motion (Doc. 24), to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255, and, following an independent review of the record, it appearing that § 2255 imposes a one-year limitations period on the filing of such motions, see 28 U.S.C. § 2255(f), and that defendant filed the instant motion more than thirteen months after his conviction became final,[1] and it further appearing that defendant contends that equitable tolling excuses his failure to file a timely motion on the grounds that Lexis-Nexis service was intermittently unavailable from October 5, 2007 to October 24, 2007, (Doc. 32 at 3), and that the prison library contained six computer terminals, (id.), an insufficient number of print sources, (id.), and a malfunctioning photocopying machine, (id.), and the court finding that short-term technological and practical inconveniences are not sufficiently extraordinary to justify equitable tolling of the statute of limitations, see Hudson v. Robinson, 678 F.2d 462, 466 (3d

---

[1] Defendant's one year limitations period commenced on July 6, 2007 when judgment was entered against him and expired on July 6, 2008. (Doc. 29 at 5.) Defendant subsequently filed a § 2255 motion on August 13, 2008. (Id. at 6.)

Cir. 1982) (noting that "[p]ads, pens, pencils and photocopy machines are neither law libraries nor alternative sources of legal knowledge" to which the state must protect the rights of prisoners to access (citing <u>Kershner v. Mazurkiewicz</u>, 670 F.2d 440, 444 (3d Cir. 1982) (internal quotations omitted))); see also <u>Miller v. New Jersey State Dep't of Corr.</u>, 145 F.3d 616 (3d Cir. 1998) ("[E]quitable tolling is proper only when the [defendant] has in some extraordinary way . . . been prevented from asserting his or her rights." (internal quotations omitted)), that the inconveniences defendant experienced approximately nine months prior to the expiration of the limitations period did not result from intentional conduct by the government designed to prevent defendant from asserting his rights, and that the interests of justice do not require the doctrine of equitable tolling to be applied to mundane inconveniences such as sporadic technological failure, see <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998) ("Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."), it is hereby ORDERED that:

1. The motion (Doc. 24) to vacate, set aside, or correct defendant's sentence is DENIED as untimely.

2. A certificate of appealability is DENIED. 28 U.S.C. § 2253(c)(1).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge